11/14/2025 9:47 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 108051026
By: Nelson Cuero
Filed: 11/14/2025 9:47 AM

# 2025-86738 / Court: 61

CAUSE NO.: _____

| | | |
|---|---|---|
| **MISAEL ANTONIO CHAVEZ,** | § | **IN THE DISTRICT COURT** |
| *Plaintiff,* | § | |
| | § | |
| **vs.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **Y&M LOGISTICS EXPRESS LLC,** | § | |
| *Defendant.* | § | _____ **JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, MISAEL ANTONIO CHAVEZ, ("Plaintiff"), by and through his attorney of record, complaining of Y&M LOGISTICS EXPRESS LLC, (hereinafter referred to as "Defendant"), and for causes of action would respectfully show unto this Honorable Court and Jury as follows:

### I.     DISCOVERY CONTROL PLAN

1.     Plaintiff intends discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure.  Plaintiff requests that Defendant advise them, upon receipt of this Petition, whether an Agreed Order may be submitted to the Court providing for Level 3 Discovery.

### II.     CLAIM FOR RELIEF

2.     Plaintiff seeks monetary relief over $1,000,000.00 and demand for judgment for all the other relief to which Plaintiff deems themselves entitled.

### III.     PARTIES

3.     **Plaintiff,** MISAEL ANTONIO CHAVEZ, is an individual natural person who is a Texas resident.

4.     **Defendant,** Y&M LOGISTICS EXPRESS LLC, a domestic limited liability company with its principal place of business in Harris County, can be served with process by serving its registered agent, Maier E. Silva Ibanez, who may be found at 21006 Stoney Haven Drive, Katy, Texas 77449. **Citation for service is requested at this time.**

Unofficial Copy Office of Marilyn Burgess District Clerk

## IV.     VENUE AND JURISDICTION

5.     Pursuant to §15.002(a)(3) of the Texas Civil Practice & Remedies Code, venue is proper in Harris County, Texas because Harris County, Texas is the county in which all or a substantial part of the events or omissions giving rise to the claim occurred.

6.     The subject matter in controversy is within the jurisdictional limits of this court.

7.     This Court has jurisdiction over the parties, persons and/or companies referenced above because they are domiciled in this State and/or have sufficient minimum contacts with this State and Plaintiff's claims arise from those contacts.

## V.     FACTUAL BACKGROUND

8.     At all times relevant, Y&M Logistics Express LLC was the owner of the 2016 blue Peterbilt trailer truck (hereinafter the "Trailer Truck") being operated by the Plaintiff. Furthermore, at all times relevant, Plaintiff was operating the Trailer Truck with the express consent of Y&M Logistics Express LLC. Lastly, at all times relevant, Plaintiff was employed by Y&M Logistics Express LLC.

9.     On or about August 31, 2025, Plaintiff was traveling south in the 12100 block of West Drive. As the Plaintiff was operating the Trailer Truck, he suddenly felt the steering wheel completely lock up in place. Although the Plaintiff tried to remain calm, he lost control over the vehicle and helplessly slid into a ditch where he violently collided with an electrical pole. As a result of the collision, Plaintiff sustained damages in the form of bodily injuries, mental anguish, and emotional suffering.

## VI.     CLAIMS AGAINST DEFENDANTS

*A.* *Negligence: Failure to Maintain – Defendant Y&M Logistics Express LLC:*

10.    At all relevant times, Defendant Y&M Logistics Express LLC was the owner of the subject Trailer Truck, as well as the employer of Misael Antonio Chavez.  Further, Plaintiff, Misael Antonio Chavez was acting within the course and scope of his employment with Y&M Logistics Express LLC at the time of the incident in question.

11.    Defendant Y&M Logistics Express LLC must exercise reasonable care in the maintenance and upkeep of its equipment. Moreover, Defendant Y&M Logistics Express LLC must not burden and endanger its employees with faulty equipment. On the day of the incident in question, Defendant Y&M Logistics Express LLC failed to comply with these obligations when it:

   a.   Failed to properly inspect its equipment, i.e. the Trailer Truck in question;

   b.   Failed to maintain its equipment, i.e. the Trailer Truck, in a safe working condition;

   c.   Failed to adequately warn the employees of the faulty equipment;

   d.   Failed to adequately train employees and drivers in equipment failure hazards and responsiveness

   e.    Failed to ensure a proper equipment failure protection plan and/or rescue plan was in place and followed; and

   f.   Failed to establish and implement a safety program for their employees, agents and workers as required by TEX. LABOR CODE ANN. § 411.001, et seq.;

12.    Each of the acts or omissions on the part of the Defendant, whether taken singularly or collectively, was an actual and proximate cause of this occurrence and damages to the Plaintiff.

## VII.    DAMAGES

13.    As a result of the negligent and grossly negligent acts and/or omissions described above, Plaintiff has suffered substantial injuries and damages for which they seek recovery from Defendant.

14.     Plaintiff seeks personal injury damages in amounts the jury deems to be fair and reasonable consisting of past and future physical pain and mental anguish, past and future emotional distress, past and future loss of earnings and earning capacity, past and future disfigurement, past and future physical impairment, and past and future medical care and expenses.

15.     Plaintiff also seeks recovery for all costs of court and pre-judgment and post-judgment interest in the maximum amount allowed by law.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays the Defendant be cited to appear herein and answer, and upon final hearing, he be awarded a judgment against the Defendant, for their actual or compensatory damages (past and future) as set forth above and/or to the fullest extent allowed by law and which the jury deems to be fair and reasonable; exemplary/punitive damages as described above in an amount the jury deems to be fair and reasonable; costs of court; pre-judgment interest; post-judgment interest at the highest lawful rate until the judgment is satisfied in full; and for any and all other relief at law and in equity, which the jury deems to be fair and reasonable, and to which Plaintiff may show himself justly entitled.

**[SIGNATURE BLOCK ON NEXT PAGE]**

Respectfully submitted,

**ELLIS & THOMAS, PLLC**

By: _____

Cameron Blake Ellis
Texas Bar No. 24099821
cameron@ellisandthomas.com
Don Thomas, II
Texas Bar No. 24096092
don@ellisandthomas.com
3401 Allen Parkway, Suite 200
Houston, Texas 77019
Tel.: (832) 303-9596
Fax: (832) 850-4657
E-Service: eservice@ellisandthomas.com

**ATTORNEYS FOR PLAINTIFF
MISAEL ANTONIO CHAVEZ**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Karla Salamanca on behalf of Cameron Ellis
Bar No. 24099821
ksalamanca@ellisandthomas.com
Envelope ID: 108051026
Filing Code Description: Petition
Filing Description: Plaintiff's Original Petition
Status as of 11/14/2025 10:36 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Karla Salamanca | | ksalamanca@ellisandthomas.com | 11/14/2025 9:47:52 AM | NOT SENT |
| EService Eservice | | Eservice@ellisandthomas.com | 11/14/2025 9:47:52 AM | NOT SENT |
| Cameron Ellis | | cameron@ellisandthomas.com | 11/14/2025 9:47:52 AM | NOT SENT |
| Nicole Castillo | | ncastillo@ellisandthomas.com | 11/14/2025 9:47:52 AM | NOT SENT |