**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **GREAT WEST CASUALTY COMPANY,**<br>***Plaintiff,*** | § | |
| | § | **Civil Action No. 4:26-cv-00878** |
| **vs.** | § | |
| **Y&M LOGISTICS EXPRESS, LLC**<br>**MISEAL ANTONIO CHAVEZ**<br>***Defendants.*** | § | |

**DEFENDANT Y&M LOGISTICS EXPRESS, LLC'S ORIGINAL ANSWER TO PLAINTIFF GREAT WEST CASUALTY COMPANY'S ORIGINAL COMPLAINT**

TO THE HONORABLE COURT:

Defendant Y & M Logistics Express, L.L.C. ("Y&M"), by and through its undersigned counsel, files this Original Answer to Plaintiff Great West Casualty Company's ("Great West") Original Complaint, and states as follows:

## I.
## GENERAL DENIAL

Subject to the specific admissions and denials below, Y&M denies each and every material allegation contained in Plaintiff's Original Complaint and demands strict proof thereof as required by the Federal Rules of Civil Procedure.

## II.
## RESPONSES TO NUMBERED ALLEGATIONS

1. Y&M lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Great West's organization and principal place of business and therefore denies the same.

2. Y&M admits only that it is a Texas limited liability company with a principal place of business in Texas and that its registered agent for service of process is listed as Maier E. Silva Ibanez at 21006 Stoney Haven Dr., Katy, Texas 77449. Y&M denies all remaining allegations in Paragraph 2, including the characterization of membership and citizenship, and demands strict proof.

3. Y&M lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Misael Antonio Chavez's residence, citizenship, and service details and therefore denies the same.

4. Y&M denies the jurisdictional allegations to the extent they state legal conclusions or assert facts beyond the face of the complaint and otherwise denies the paragraph in full. Y&M admits that it is a limited liability company incorporated under Texas law with its principal place of business in Texas and each of its managing members are individuals and citizens of Texas.

5. Y&M denies the amount-in-controversy and jurisdictional allegations to the extent they state legal conclusions or assert facts beyond the face of the complaint.

6. Y&M admits that the policy was issued in this District, the underlying accident occurred in this District, and the underlying injury lawsuit is on file in Harris County state district court within this District.

7. Y&M admits that Great West issued a commercial lines policy [MCP19267] with a policy period October 1, 2024 to October 1, 2025 and generally describes a $1 million per accident limit subject to terms and exclusions.

8. Y&M lacks knowledge or information sufficient to form a belief as to the complete and accurate quotation or applicability of any policy language and therefore denies Paragraph 8.

Plaintiff quotes an "Employee Indemnification and Employer's Liability" exclusion from a Texas Motor Carrier Coverage Form. Y&M denies that this exclusion is applicable to the underlying case.

9. Y&M lacks knowledge or information sufficient to form a belief as to the complete and accurate quotation or applicability of any definitions and therefore denies Paragraph 9.

10. Y&M lacks knowledge or information sufficient to form a belief as to the existence, scope, or applicability of an MCS-90 Endorsement and therefore denies Paragraph 10.

11. Y&M lacks knowledge or information sufficient to form a belief as to the complete and accurate quotation or applicability of any MCS-90 language and therefore denies Paragraph 11.

12. Y&M lacks knowledge or information sufficient to form a belief as to the complete and accurate quotation or applicability of any policy definitions and therefore denies Paragraph 12.

13. Y&M admits the averment stated in Paragraph 13 of Plaintiff's Original Complaint.

14. Y&M admits only that a lawsuit styled Misael Antonio Chavez v. Y & M Logistics Express, LLC, Cause No. 2025-86738, was filed in the 61st District Court of Harris County, Texas on November 14, 2025. Y&M admits that an unofficial copy of the petition was attached to the Original Complaint as **Exhibit A**. Y&M denies all remaining allegations in Paragraph 14, including any characterizations of that underlying pleading.

15. Y&M admits that it was the owner of a 2016 Blue Peterbilt tractor trailer. Y&M denies the allegations regarding employment status, causation, and the events of the accident as

pleaded in the underlying petition. Y&M denies all remaining allegations in Paragraph 15, including any characterizations of that underlying pleading.

16. Y&M admits that it was the owner of 2016 Blue Peterbilt tractor trailer. Y&M denies the other averments in Paragraph 16 of the Plaintiff's Original Complaint.

17. Y&M denies Paragraph 17.

18. Y&M admits Paragraph 18.

19. Y&M admits only that Great West is providing a defense in the underlying lawsuit; Y&M denies the characterization "under a full and complete reservation of rights" and denies the remainder of Paragraph 19.

20. Y&M denies Paragraph 20, including any incorporation to the extent it asserts facts or legal conclusions adverse to Y&M.

21. Y&M admits Paragraph 21.

22. Y&M denies Paragraph 22 of the Plaintiff's Original Complaint and the relief requested therein.

23. Y&M denies the averments in Paragraph 23 of the Plaintiff's Original Complaint and the relief requested therein.

24. Y&M admits Paragraph 24 of the Plaintiff's Original Complaint.

25. Y&M denies the allegations of Paragraph 25 of the Plaintiff's Original Complaint as it contains legal conclusions, characterizations of law, and/or references to authorities.

26. Y&M denies Paragraph 26 of the Plaintiff's Original Complaint and the relief requested therein.

27. Y&M denies Paragraph 27 of the Plaintiff's Original Complaint and the relief requested therein.

PRAYER. Y&M denies the prayer of the Plaintiff's Original Complaint and the relief requested therein.

## III.
## AFFIRMATIVE AND OTHER DEFENSES

Without assuming any burden not imposed by law, Y&M asserts the following defenses. Y&M reserves the right to amend and/or supplement these defenses as discovery progresses.

28. Failure to State a Claim: The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

29. Justiciability/No Case or Controversy: The claims are non-justiciable in whole or in part, including for lack of ripeness as to indemnity, and/or seek advisory opinions prohibited by Article III.

30. Eight-Corners Rule/Defense Obligation: To the extent Texas's eight-corners rule applies, Great West has a present duty to defend based on the live pleadings in the underlying action, and any reliance on extrinsic evidence is improper absent an applicable exception.

31. Ambiguity Contra Insurer: Any ambiguity in policy language, endorsements, or exclusions must be construed in favor of the insured and against the drafter; exclusions must be narrowly construed.

32. Burden of Proof on Exclusions: Great West bears the burden to prove the applicability of any exclusion; to the extent it cannot carry that burden, coverage for defense and/or indemnity is not negated.

33. Exceptions to Exclusions/Insured Contract: To the extent any exclusion is asserted, exceptions, carve-outs, and endorsements (including any insured contract coverage) restore or preserve coverage.

34. MCS-90 Non-Applicability to Coverage Determination: The MCS-90 endorsement, if any, is a surety instrument for protection of the public and does not limit or negate contractual coverage owed to Y&M; it is inapplicable to duty-to-defend analyses.

35. Estoppel/Waiver/Reservation: Great West's conduct may estop or waive certain coverage positions to the extent it has assumed defense, accepted premiums, delayed in asserting positions, or otherwise acted inconsistently with its claims; Y&M pleads reservation of all equitable defenses.

36. Conditions Precedent/Satisfaction: Y&M generally denies that any conditions precedent to Great West's suit have been satisfied, and in the alternative asserts that Y&M has satisfied all conditions precedent to any coverage claimed.

37. Comparative/Proportionate Responsibility in Underlying Suit: Without admitting liability, to the extent the underlying allegations could support covered claims or theories, defense is owed despite any proportionate responsibility allegations.

38. Severability/Separation of Insureds: Any separation-of-insureds clause requires exclusions and conditions to be applied separately to each insured and claim.

39. No Intentional or Expected Injury: The underlying allegations do not assert intentional injury by Y&M; to the extent Great West's position assumes otherwise, it is denied.

40. Reasonable Expectations: The reasonable expectations of coverage for commercial auto risks support defense of the underlying negligence allegations.

41. Attorneys' Fees and Costs: Great West is not entitled to attorneys' fees or costs against Y&M under the circumstances pled; any claim for such relief is denied.

42. Reservation of Additional Defenses: Y&M reserves the right to assert additional defenses, policy terms, conditions, endorsements, and defenses arising from investigation, discovery, or amendments to pleadings.

## IV.
## PRAYER

43. WHEREFORE, Defendant Y & M Logistics Express, L.L.C. respectfully requests that the Court enter judgment in its favor; deny all relief requested by Plaintiff; declare that Plaintiff owes Y&M a defense and indemnity in the underlying lawsuit and that Plaintiff has not met its burden to negate coverage; award Y&M its costs of court; and grant such other and further relief, at law or in equity, to which Y&M may be justly entitled.

DATED: March 13, 2026

Respectfully Submitted:
***/s/ Lynne M. Jurek***
Lynne M. Jurek
Southern District No. 15489
Texas State Bar No. 11059250
THE JUREK LAW GROUP, PLLC
4309 Yoakum Blvd.
Houston, Texas, 77006
Tel. No. (713) 230-8233
Fax No. (713) 230-8654
**ATTORNEY FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I hereby certify that on March 13, 2026, a copy of the above and foregoing was filed electronically with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all CM/ECF participants.

David J. Schubert
SCHUBERT & EVANS, P.C.
900 Jackson Street, Suite 630
Dallas, Texas 75202
Dschubert@SchubertEvans.com
*Attorney for Plaintiff*

***/s/ Lynne M. Jurek***
**LYNNE M. JUREK**