**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **GREAT WEST CASUALTY COMPANY,** *Plaintiff,* | § | |
| **vs.** | § | **Civil Action No. 4:26-cv-00878** |
| **Y&M LOGISTICS EXPRESS, LLC and MISAEL ANTONIO CHAVEZ,** *Defendants.* | § | |

**DEFENDANT MISAEL ANTONIO CHAVEZ'S ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE COURT:

COMES NOW, Defendant Misael Antonio Chavez ("Chavez"), by and through undersigned counsel, and files this Answer to Plaintiff Great West Casualty Company's ("Great West") Original Complaint, and respectfully shows the Court as follows:

## GENERAL DENIAL

Subject to the specific admissions and denials below, Chavez denies each and every material allegation contained in Plaintiff's Original Complaint and demands strict proof thereof as required by the Federal Rules of Civil Procedure.

## RESPONSES TO NUMBERED ALLEGATIONS

1. Chavez lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Great West's organization and principal place of business and therefore denies the same.

2. Chavez lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Y&M Logistics Express, LLC's organization, principal place of business, membership, citizenship, and service details and therefore denies the same.

3. Chavez admits only that he is an individual. Chavez denies the remaining allegations in Paragraph 3, including the characterizations of his residence, citizenship, and the service address information, and demands strict proof.

4. Chavez denies the jurisdictional allegations to the extent they state legal conclusions or assert facts beyond the face of the complaint and otherwise denies the paragraph in full.

5. Chavez denies the amount-in-controversy and jurisdictional allegations to the extent they state legal conclusions or assert facts beyond the face of the complaint.

6. Chavez lacks knowledge or information sufficient to form a belief as to where the policy was issued and therefore denies the same. Chavez admits that the underlying accident occurred in this District and that an underlying injury lawsuit is on file in Harris County state district court within this District.

7. Chavez lacks knowledge or information sufficient to form a belief as to the complete and accurate terms, coverage limits, policy period, or applicability of any insurance policy issued by Great West to Y&M Logistics Express, LLC and therefore denies Paragraph 7.

8. Chavez lacks knowledge or information sufficient to form a belief as to the complete and accurate quotation or applicability of any policy language and therefore denies Paragraph 8. Chavez denies that any "Employee Indemnification and Employer's Liability" exclusion is applicable to the underlying case or to any coverage owed to Chavez.

9. Chavez lacks knowledge or information sufficient to form a belief as to the complete and accurate quotation or applicability of any definitions and therefore denies Paragraph 9.

10. Chavez lacks knowledge or information sufficient to form a belief as to the existence, scope, or applicability of an MCS-90 Endorsement and therefore denies Paragraph 10.

11. Chavez lacks knowledge or information sufficient to form a belief as to the complete and accurate quotation or applicability of any MCS-90 language and therefore denies Paragraph 11.

12. Chavez lacks knowledge or information sufficient to form a belief as to the complete and accurate quotation or applicability of any policy definitions and therefore denies Paragraph 12.

13. Chavez lacks knowledge or information sufficient to form a belief as to the complete and accurate terms of the policy declarations and therefore denies Paragraph 13.

14. Chavez admits only that a lawsuit styled Misael Antonio Chavez v. Y & M Logistics Express, LLC, Cause No. 2025-86738, was filed in the 61st District Court of Harris County, Texas on November 14, 2025. Chavez admits that an unofficial copy of the petition was attached to the Original Complaint as Exhibit A. Chavez denies all remaining allegations in Paragraph 14, including any characterizations of that underlying pleading.

15. Chavez admits that on or about August 31, 2025 he was driving south in the 12100 block of West Drive in a 2016 blue Peterbilt trailer truck. Chavez admits that he alleges in the underlying lawsuit that he sustained bodily injuries. Chavez denies the characterizations of the allegations in the underlying petition and denies all remaining allegations in Paragraph 15, including any characterizations of employment status, causation, or the nature of the accident.

16. Chavez denies the averments in Paragraph 16 of the Plaintiff's Original Complaint.

17. Chavez denies Paragraph 17.

18. Chavez lacks knowledge or information sufficient to form a belief as to the complete and accurate description of the cargo transport arrangement, the identity of the shipper and consignee, or the route details and therefore denies Paragraph 18.

19. Chavez admits only that Great West has provided defense counsel in the underlying lawsuit. Chavez denies the characterization "under a full and complete reservation of rights" and denies the remainder of Paragraph 19.

20. Chavez denies Paragraph 20, including any incorporation to the extent it asserts facts or legal conclusions adverse to Chavez.

21. Chavez lacks knowledge or information sufficient to form a belief as to the nature of any disagreements or uncertainties between Great West and Y&M Logistics Express, LLC and therefore denies Paragraph 21.

22. Chavez denies Paragraph 22 of the Plaintiff's Original Complaint and the relief requested therein.

23. Chavez denies the averments in Paragraph 23 of the Plaintiff's Original Complaint and the relief requested therein.

24. Chavez denies Paragraph 24 of the Plaintiff's Original Complaint.

25. Chavez denies the allegations of Paragraph 25 of the Plaintiff's Original Complaint as it contains legal conclusions, characterizations of law, and/or references to authorities.

26. Chavez denies Paragraph 26 of the Plaintiff's Original Complaint and the relief requested therein.

27. Chavez denies Paragraph 27 of the Plaintiff's Original Complaint and the relief requested therein.

PRAYER. Chavez denies the prayer of the Plaintiff's Original Complaint and the relief requested therein.

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming any burden not imposed by law, Chavez asserts the following defenses. Chavez reserves the right to amend and/or supplement these defenses as discovery progresses.

**First Defense — Failure to State a Claim**: The Complaint fails, in whole or in part, to state a claim upon which relief can be granted against Chavez.

**Second Defense — Justiciability/No Case or Controversy**: The claims are non-justiciable in whole or in part, including for lack of ripeness as to indemnity, and/or seek advisory opinions prohibited by Article III.

**Third Defense — Eight-Corners Rule/Defense Obligation**: To the extent Texas's eight-corners rule applies, Great West has a present duty to defend Chavez based on the live pleadings in the underlying action, and any reliance on extrinsic evidence is improper absent an applicable exception.

**Fourth Defense — Ambiguity Contra Insurer**: Any ambiguity in policy language, endorsements, or exclusions must be construed in favor of the insured and against the drafter; exclusions must be narrowly construed.

**Fifth Defense — Burden of Proof on Exclusions**: Great West bears the burden to prove the applicability of any exclusion; to the extent it cannot carry that burden, coverage for defense and/or indemnity is not negated.

**Sixth Defense — Exceptions to Exclusions/Additional Insured Status**: To the extent any exclusion is asserted, exceptions, carve-outs, endorsements, and additional insured provisions restore or preserve coverage. Chavez may be entitled to coverage as an additional insured, permissive user, or under other policy provisions.

**Seventh Defense — MCS-90 Non-Applicability to Coverage Determination**: The MCS-90 endorsement, if any, is a surety instrument for protection of the public and does not limit or negate contractual coverage owed to Chavez; it is inapplicable to duty-to-defend analyses.

**Eighth Defense — Estoppel/Waiver/Reservation**: Great West's conduct may estop or waive certain coverage positions to the extent it has assumed defense, accepted premiums, delayed in asserting positions, or otherwise acted inconsistently with its claims; Chavez pleads reservation of all equitable defenses.

**Ninth Defense — Conditions Precedent/Satisfaction**: Chavez generally denies that any conditions precedent to Great West's suit have been satisfied, and in the alternative asserts that Chavez has satisfied all conditions precedent to any coverage claimed.

**Tenth Defense — Independent Contractor Status**: To the extent Chavez's relationship with Y&M Logistics Express, LLC is characterized as that of an independent contractor rather than employee under applicable law, any employee exclusion would be inapplicable to Chavez.

**Eleventh Defense — No Intentional or Expected Injury**: The underlying allegations do not assert intentional injury by Chavez; to the extent Great West's position assumes otherwise, it is denied.

**Twelfth Defense — Reasonable Expectations**: The reasonable expectations of coverage for commercial auto risks support defense of the underlying negligence allegations against Chavez as a driver of the covered vehicle.

**Thirteenth Defense — Omnibus Coverage**: To the extent the policy provides omnibus coverage for permissive users or drivers of covered vehicles, Chavez is entitled to such coverage.

**Fourteenth Defense — No Privity**: Chavez is not in privity of contract with Great West and is not bound by any alleged policy limitations that would impair coverage for injuries he sustained while operating a vehicle insured under the policy.

**Fifteenth Defense — Attorneys' Fees and Costs**: Great West is not entitled to attorneys' fees or costs against Chavez under the circumstances pled; any claim for such relief is denied.

**Sixteenth Defense — Reservation of Additional Defenses**: Chavez reserves the right to assert additional defenses, policy terms, conditions, endorsements, and defenses arising from investigation, discovery, or amendments to pleadings.

## PRAYER

WHEREFORE, Defendant Misael Antonio Chavez respectfully requests that the Court:

1. Enter judgment in favor of Chavez and against Plaintiff Great West Casualty Company on all claims;
2. Deny all relief requested by Plaintiff;
3. Declare that Plaintiff owes Chavez a defense and indemnity in the underlying lawsuit and that Plaintiff has not met its burden to negate coverage;
4. Award Chavez his costs of court; and
5. Grant such other and further relief, at law or in equity, to which Chavez may be justly entitled.

Respectfully submitted,

Cameron Blake Ellis
Southern District No. 3216708
Texas State Bar No. 24099821
Ellis & Thomas, PLLC
3401 Allen Parkway, Suite 200
Houston, TX 77019
Tel. No. 832-303-9596
Fax No. 832-850-4657
**ATTORNEY FOR DEFENDANT**
**MISAEL ANTONIO CHAVEZ**

**CERTIFICATE OF SERVICE**

I hereby certify that on July 28, 2026, a copy of the above and foregoing was filed electronically with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all CM/ECF participants:

David J. Schubert
Stephen Burnett
SCHUBERT & EVANS, P.C.
900 Jackson Street, Suite 630
Dallas, Texas 75202
DSchubert@SchubertEvans.com
SBurnett@SchubertEvans.com
***Attorneys for Plaintiff***

Lynne M. Jurek
THE JUREK LAW GROUP, PLLC
4309 Yoakum Blvd.
Houston, Texas 77006
***Attorney for Defendant***
***Y&M Logistics Express, LLC***



Cameron Blake Ellis